FILED

10/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0540



IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0540

DANIEL DURGLO,

Petitioner,

v.

ORDER

SGT. BRADLEY BRAGG,
Lewis and Clark County Detention Center,

Respondent.

FILED

OCT 1 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Daniel Durglo petitions this Court for habeas corpus relief, indicating that his incarceration is illegal because his sentences are longer than Montana law allows. He states that in one of his cases, he received a ten-year sentence, all suspended, to the Department of Corrections (DOC), pursuant to § 45-6-301(7)(b)(i), MCA. He contends that the maximum punishment is three years. He adds that his sentence was revoked. Durglo requests that this Court overturn his sentence or that the DOC recalculate his sentence as this Court directs. Durglo does not attach any supporting documentation.

We secured available electronic documents. On March 6, 2019, the Lewis and Clark County District Court accepted Durglo's guilty plea to felony theft and sentenced Durglo to the DOC for a suspended, ten-year term, to run consecutively to his burglary sentence from Lewis and Clark County.[1] On August 30, 2023, the Lewis and Clark County District Court revoked his suspended sentence due to his recent conviction in the Lake County District Court. The District Court committed Durglo to the DOC for a suspended, ten-year term to run consecutively to his burglary sentence. The court also awarded credit for time

---

[1] In the Lewis and Clark County District Court, Durglo received a ten-year sentence with five years suspended for felony burglary on February 21, 2018. On August 30, 2023, the court revoked this sentence for burglary, imposing a five-year, DOC term and awarding both credit for time served and elapsed time.

served from March 10, 2023 to August 30, 2023, and the court did not award credit for street time, also known as elapsed time.

Durglo misunderstands Montana law. He has a valid sentence. This Court points out that Durglo committed the felony offense on December 24, 2016, and the 2015 version of Montana statutes apply. Section 45-6-301(8)(b)(i), MCA (2015), provides that "a person convicted of the offense of theft of property exceeding $1,500 in value . . . shall be fined an amount not to exceed $50,000 or be imprisoned in a state prison for a term not to exceed 10 years, or both." The court sentenced him to the maximum term of ten years.

Moreover, the District Court imposed a valid sentence upon revocation. Section 46-18-203(7), MCA. "If the judge finds that the offender has violated the terms and conditions of the suspended sentence . . . and the violation is not a compliance violation, the judge may[] . . . [] revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence[.]" Section 46-18-203(7)(a)(iii), MCA. Here, the District Court revoked the lawful sentence of ten years, and imposed a suspended, ten-year term to the DOC. Durglo was not yet serving his suspended sentence for theft, and thus, he received no elapsed time credit. Durglo received credit for jail time served, and he is not serving a longer sentence upon revocation.

Durglo cannot challenge his sentence upon revocation through this remedy. Section 46-22-101(2), MCA. This Court will not overturn his sentence. Durglo is not entitled to a reduction or recalculation of his sentence. Therefore,

IT IS ORDERED that Durglo's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Daniel Durglo personally.

DATED this 10 day of October, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3